UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-------------------------------------------------------X
ESTATE OF ERNEST GOTTDIENER, ET AL.

              Plaintiff- Appellants,

-against-

FELIX SATER, ET AL.

              Defendants- Appellees.
-------------------------------------------------------X

Docket No. 14-1313

**OPPOSITION TO APPELLANTS' PROCEDURAL MOTION TO REMOVE CASE FROM THE XAC OR ALTERNATIVELY FOR AN ENLARGMENT OF TIME TO FILE A BRIEF**

    I, Robert S. Wolf, an attorney admitted to practice before this Court, declare under penalty of perjury, pursuant to 28 U.S.C. §1746, as follows:

    1.    I am a partner with the law firm of Moses & Singer LLP and counsel to the Defendant/Appellee Felix Sater ("Sater"). I submit this affidavit in opposition to Appellants' request to remove this case from the Expedited Appeals Calendar ("XAC"), or alternatively to enlarge Appellants' time in which to file their appellate brief for forty-five (45) days. Because this application is nothing more than an untimely attempt to artificially prolong a campaign of meritless and extortionate litigation, it should be denied and the appeal should proceed on the current expedited schedule. This Court has already warned Appellants' counsel about facing sanctions for frivolous filings such as this one.

## PRELIMINARY STATEMENT

    2.    Despite having been previously warned by the Second Circuit that "the Court's patience has been exhausted" and that "any future filings of a frivolous nature, may result in sanctions, including the imposition of leave-to-file restrictions, requirements of notice to other federal courts, and monetary penalties" (*Roe v. United States*, 428 F. App'x 60, 63 (2d Cir. 2011), Appellants' counsel Frederick M. Oberlander has cavalierly filed the instant frivolous

appeal in connection with his relentless campaign to extort a settlement from Sater and others. Knowing that the appeal is meritless, and in an attempt to prolong the inevitable (i.e. the end of this lawsuit), Oberlander now belatedly seeks to remove this case from the XAC, or alternatively for an enlargement of time to file Appellants' brief. Appellants' motion must be denied. The motion is untimely, no good cause exists to remove this case from the XAC, and Appellants can point to no extraordinary circumstances warranting an enlargement of time to file their brief. Most simply stated, the time has come for Oberlander and the Appellants to fish or cut bait.

## BACKGROUND

3.     Since 2010, Oberlander (and more recently, with his cohort Richard E. Lerner, Esq.) has engaged in a relentless campaign to extort a settlement from Sater and others by publicly disclosing documents which had been sealed years ago by a federal court. To further his campaign, Oberlander has filed numerous frivolous lawsuits, intentionally defied various federal court orders, filed countless meritless appeals, motions and accused the courts, its judges, various reputable lawyers and law firms, insurance carriers and prominent real estate developers of a massive conspiracy. Most notable of these numerous lawsuits is the action titled *Roe v. United States, supra*, which made its way to this Court through Oberlander's filing of six separate notices of appeal. In its June 29, 2011 decision in that action, this Court held that:

> "Finally, it is **ORDERED** that appellant Richard Roe is hereby warned that the Court's patience has been exhausted by his filing of six separate notices of appeal regardingthe same principal legal dispute- - including the filing of an appeal from a March 23, 2011 scheduling order that obviously was not a final order nor subject to any of the exceptions to the "final judgment rule," *see* Part (iv), *ante*- - and that any further attempts to re-litigate the issues decided by this order, or other future filings of a frivolous nature, may result in sanctions, including the imposition of leave-to-file restrictions, requirements of notice to other federal courts, and monetary penalties."

4.     Apparently undeterred by this Court's prior warning, Appellants filed their Notice of Appeal in this action on April 25, 2014 (Docket #1). On May 6, 2014 the appeal was stayed

2

pending the district court's resolution of a motion for reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure (Docket #9). In an opinion dated May 12, 2014, the district court granted Appellants' motion for reconsideration in part and denied it in part (Docket #13). On May 20, 2014, this Court lifted the stay of this appeal (Docket #16) and on June 10, 2014 the Court provided notice to the parties that pursuant to Local Rule 31.2 (b) this action would be placed on the XAC (Docket #32). The notice also provide that Appellants' briefs are due no later than July 15, 2014.

## ARGUMENT

*Appellants' Request to Remove This Appeal From the XAC is Untimely*

5. Local Rule 31.2 (b) governing the Clerk's placement of an appeal on the XAC provides:

> (2) "Promptly after receipt of [notification that a case has been placed on the XAC] any party, for good cause shown, may move to remove the case from the     XAC."

6. Appellants belatedly seek to have this case removed from the XAC eight (8) days before their brief is due in this instant appeal. Appellants' request to remove this case must be denied as untimely. Appellants did not "promptly" move to remove this case from the XAC. As set forth above, Appellants were provided with notice that this case was placed on the XAC on June 10, 2014. In that same notice Appellants were advised that they would have thirty-five (35) days to file their brief. Appellants filed their instant motion to take the case off of the XAC on July 7, 2013 - - twenty-seven (27) days later. Filing a motion twenty-seven (27) days after receiving notice from the Court that this action was placed on the XAC, and eight (8) days prior to the submission date for Appellants' brief, is certainly not "prompt." Accordingly, Appellants' motion to remove this case from XAC is too late and should be denied on that ground alone.

*No Good Cause Exists Warranting the*
*Removal of This Appeal from the XAC*

7. In addition to the fact that Appellants' motion to remove this case from the XAC is untimely, no good cause exists in any event warranting the granting of that relief. Appellants claim that good cause exists to remove this case from the XAC because (1) they have retained co-counsel on the Appeal who "has been out of reach on a preplanned vacation since mid-June and is only back now, so hasn't been able to devote the time needed;" and, (2) the time needed to prepare the appeal "is considerable" since (a) "the appeal raises constitutional issues of first impression in Article III standing in civil RICO and securities fraud," and (b) "the appeal presents a split among S.D.N.Y. courts." As more fully set forth herein, these claims are simply part of a baseless eleventh hour ploy for the purpose of vexatious delay. Indeed, Appellants' counsel recently employed a similar unsuccessful gambit in connection with the alleged "unanticipated magistrate's order issued on May 29, 2014" when the district court rejected another eleventh hour request to extend a final deadline it set with no further adjournments due to prior repeated delays by counsel. The reason given in that failed belated application was the same as here, *to wit,* that a certain new co-counsel had just been retained and needed additional time.

8. By their own admission, Appellants were aware that they would be enlisting co-counsel on this Appeal as early as mid-June. Yet, they have waited until 8 days before their brief is due to file their instant motion. Appellants' alleged retention of co-counsel[1] that they knew as early as mid-June would not be able to work on an appellate brief due on July 15th does not constitute "good cause" to remove this matter from the XAC. Appellants should have made this instant motion immediately upon learning of their purported co-counsel's schedule in mid-June.

4

9. In any event, there are no alleged "constitutional issues of first impression" on this Appeal and the alleged "split among the S.D.N.Y. courts" is non-existent. First, as to the alleged "constitutional issues of first impression regarding Article III standing," in denying Appellants' motion for reconsideration the District Court held that its underlying decision was not based on standing: "The Court's holding that Plaintiffs failed to allege a sufficient connection between Defendants' convictions and the predicate acts goes to the "racketeering activity" element of the alleged RICO violations, not to questions of Plaintiffs' injury or standing." (Docket #13, pg. 3)

10. Next, with respect to the alleged "split among the S.D.N.Y. courts," no such split exists. Judge Schofield's decision dismissing Appellants' RICO claim in this action was not, as Appellants allege, in contradiction with Judge Rakoff's decision in *Thomas H. Lee Equity Fund V, L.P. v. Mayer Brown, Rowe & Maw L.L.P.*, No. 07 Civ. 6767 (S.D.N.Y.). Judge Schofield explained this in her decision denying Appellants' reconsideration motion. There, she found that: "Judge Rakoff did not consider the question that this Court faced, i.e., whether aiding and abetting securities fraud may serve as a RICO predicate act, nor did the special master do so in the two reports and recommendations that Judge Rakoff affirmed." (Docket #13, pg. 6) Indeed, just as Appellant's mischaracterize Judge Schofield's decision here, Judge Schofield found that "Plaintiffs mischaracterized [Judge Rakoff's] opinion." (Docket #13, pg. 5) Accordingly, Appellants' motion to remove this case from the XAC should be denied.

*Appellants Point to No Extraordinary Circumstances*
*Warranting an Enlargement of Time to File Their Brief*

11. Local Rule 27.1 (f) governing Motions to Extend Time to File a Brief, provides:

---

[1] Appellants state in their motion that Jeffrey Grell, Esq. "has agreed to co-counsel with my firm on the appeal." As of today's date, Mr. Grell has not formally appeared in this action on behalf of the Appellants.

5

    **(1) Extraordinary Circumstance Required.** Absent an extraordinary circumstance, such as serious personal illness or death in counsel's immediate family, the court will not grant a motion to extend the time to file a brief. A deadline for a brief remains in effect unless the court orders otherwise.

12.     Here, Appellants have pointed to no extraordinary circumstances, "such as a serious personal illness or death in counsel's immediate family" warranting an extension of time to file their brief. The only circumstance Appellants point to is that their lawyers have been too busy handling another one of their frivolous cases against Sater. "[T]he press of other business is [however] not an extraordinary circumstance justifying an extension of time under [the Second Circuit's] Rules…" *RLI Ins. Co. v. JDJ Marine, Inc.*, 716 F.3d 41 (2d Cir. 2013)

13.     Notably, what has been keeping Appellants' counsel so busy is an alleged "unanticipated magistrate's order issued on May 29, 2014." Having known that they would not be able to timely file their brief due to an order issued on May 29, 2014, Appellants could have and should have sought an enlargement of time to file their brief at that time. Instead, they have waited until 8 days before their brief is due to make their instant application. *See* Local Rule 27.1. (3) ("A party seeking to extend the time to file a brief must move as soon as practicable after the extraordinary circumstance arises.") As such, Appellants' motion for an enlargement of time to file their brief should be denied.

*<u>Sater Will Be Prejudiced If Appellants Are Granted an Extension</u>*

14.     The unjustified delay of this appeal will result in the continued infliction of tremendous damage upon Mr. Sater who already has been unjustly victimized by Oberlander's and Appellants' malicious litigations. As such he will be unfairly prejudiced if this matter is taken off of the XAC or if Appellants' are granted an enlargement of time in which to file their brief. Accordingly, since this application is nothing more than an untimely attempt to artificially

prolong a campaign of meritless and extortionate litigation, it should be denied and the appeal should proceed on the current expedited schedule.

Dated: New York, New York
      July 10, 2014

                                                              _____
                                                              Robert S. Wolf